EDWARD M. GREENWAY et al., Plaintiffs in Error, *v.* CHARLES G. THOMAS et al., Defendants in Error.

ERROR TO JO DAVIESS.

As a general rule, a creditor must first reduce his debt to a judgment before he can call upon a court of equity to aid him in its collection. This rule will not be relaxed when it is in the power of a party to comply with it.

CHARLES G. THOMAS becoming insolvent, assigned all his estate and effects to Daniel Wann and two others, for the benefit of his creditors, gave them possession, and left the country. The plaintiffs in error, being creditors of Thomas, filed this bill to set aside the assignment, and have the estate and effects applied to the satisfaction of their claim. The bill avers, that the assignment was fraudulent, and that the assignee managing the estate and effects assigned was insolvent; that no service of process could be made upon Thomas; that an attachment had been sued out, and placed in the hands of the sheriff. To this bill a demurrer was filed; and at November term, 1851, of the Jo Daviess Circuit Court, SHELDON, Judge, presiding, the bill was dismissed.

HIGGINS and STROTHER, for plaintiffs in error.

BLACKWELL and BECKWITH, for defendants in error.

CATON, J. We shall assume in this case, without expressly deciding the question, that the assignment was fraudulent as to creditors; and if the complainant had otherwise made out a case, we should declare it void, that it might not present an apparent obstruction to the collection of his debt. No doubt courts of equity have sometimes entertained legal demands which had not been previously established in a court of law; but as a general rule, the creditor must first reduce his debt to a judgment before he can call upon a court of equity to aid in its collection. After judgment, a creditor may sometimes file his bill, to remove obstructions in the way of its collection, before an execution has been returned unsatisfied; while in other cases, such a return must first be made. It is unnecessary now to examine the distinction between these two classes of cases. They are familiar to the profession.

In this case, the creditor has not reduced his demand to a judgment; but he comes into a court of chancery in the first

instance, assigning as a reason, that it was impossible for him to obtain a judgment at law, and hence insists that his case should be made an exception to the general rule. If the reason assigned were true in fact, the conclusion might justly follow. Was it in the power of the party to institute an action at law where he might establish his claim? The facts are these. The debtor made a fraudulent assignment of his rights, credits, and effects, ostensibly for the benefit of his creditors, put his assignees into possession, and left the State, so that process could not be served upon him. Under these circumstances, there would have been no trouble in prosecuting an action at law by attachment under our statute, in which he could have reduced his demand to a judgment. The assignment being fraudulent and void as to creditors, the attachment might have been levied directly upon the assigned property, and taken from the possession of the assignees; or if the complainant did not choose to assume the responsibility of such a course, in anticipation of a decision upon the validity of the assignment, he might at least have garnisheed the debtors of the assignors. It is true, he would not have obtained a personal judgment, but he would still have established his claim in a court of law, which would, at least as to the property and credits attached, have authorized him to call upon the aid of the court of chancery, to remove the embarrassments which the fraudulent assignment presented to the collection of his debt. Although the judgment in attachment is only *in rem*, I will not say that it is not a sufficient determination, by a court of law, of the amount of the debt due, to justify a court of equity to apply the debtor's equitable estate in satisfaction of the demand thus established. Whether this be so or not, certain it is, that the party had it in his power to bring an action at law, in which he might have established the amount of his claim; and we are not disposed to relax the ancient and well established rule, when it is in the power of the party to comply with it. When the case shall, if it ever can, arise, where the party cannot sue at law, I shall, as at present advised, hold that the demand may be both established and enforced in a court of equity, although the character of the demand may be strictly legal. But in this case, we can only decide that this demand could, and should, have been first established at law, when this court could have aided him in its collection, if necessary, by declaring the assignment fraudulent and void.

The decree of the circuit court must be affirmed.

*Decree affirmed.*