## PATTERSON *v.* LYNDE.

The creditor of a corporation organized under the general laws of Oregon cannot, to recover his debt against it, enforce, by an action at law, the liability of a stockholder upon an unpaid subscription to its capital stock.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

Patterson, a judgment creditor of a mining company, organized under the general laws of Oregon "in relation to the formation of private corporations," brought this action against Lynde to enforce his liability to the company upon an unpaid stock subscription, and thus sought to apply Lynde's indebtedness to the payment of the judgment.

520 PATTERSON v. LYNDE. [Sup. Ct.

Lynde demurred, and judgment was rendered in his favor. Patterson then brought this writ of error.

The constitutional and statutory provisions applicable to the case are set forth in the opinion of the court.

*Mr. Charles M. Harris* for the plaintiff in error.

*Mr. Charles M. Osborn* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only question we deem it necessary to consider in this case is, whether a creditor of a corporation, formed and organized under the general laws of Oregon "in relation to the formation of private corporations," can maintain an action at law against a stockholder to recover, out of an unpaid balance of subscription to the capital stock, the debt due to him from the corporation.

Section 3 of article 11 of the Constitution of Oregon provides that "the stockholders of all corporations and joint-stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more."

Section 14 of the statute "in relation to the formation of private corporations" is as follows: "All sales of stock, whether voluntary or otherwise, transfer to the purchaser all rights of the original holder or person from whom the same is purchased, and subject such purchaser to the payment of any unpaid balance due or to become due on such stock. But if the sale be voluntary, the seller is still liable to existing creditors for the amount of such balance, unless the same be duly paid by such purchaser."

Since this case was decided below, the Supreme Court of Oregon has passed on the same question, and, in *Ladd* v. *Cartwright*, 7 Oreg. 329, determined that the individual liability of stockholders for the indebtedness of the corporation is limited to the amount of their stock subscribed and unpaid, and that the remedy of the creditor to enforce this liability is in equity, where the rights of the corporation, the stockholder, and all the creditors can be adjusted in one suit. Of the correctness of this decision we have no doubt. The liability of the stock-

holder is upon his subscription, that is to say, upon his obliga-
tion to contribute to the capital stock, which is a trust fund
for the benefit of those to whom the corporation, as a corpo-
ration, becomes liable.    *Sawyer* v. *Hoag*, 17 Wall. 610.    The
Constitution of Oregon created no new right in this particular;
it simply provided for the preservation of an old one.    The
liability under this provision is not *to* the creditors, but *for* the
indebtedness.    That is no more than the liability created· by
the subscription.    The subscription is part of the assets of the
corporation, at least so far as creditors are concerned.    The
liability of the stockholder to the creditor is through the cor-
poration, not direct.    There is no privity of contract between
them, and the creditor has not been given, either by the Con-
stitution· or the statute, any new remedy for the enforcement
of his rights.    The stockholder is liable to the extent that the
subscription represented by his stock requires him to contribute
to the corporate funds, and when sued for the money he owes,
it must be in a way to put what he pays, directly or indirectly,
into the treasury of the corporation for distribution according
to law.    No one creditor can assume that he alone is entitled
to what any stockholder owes, and sue at law so as to appropri-
ate it exclusively to himself.

*Judgment affirmed.*