JAMES PATTERSON *et al.*

*v.*

CORNELIUS LYNDE *et al.*

*Filed at Ottawa November 17, 1884—Rehearing denied March Term, 1885.*

1. CORPORATIONS—STOCKHOLDERS—*in case of an insolvent corporation—remedy of creditors—unpaid subscriptions.* Creditors, under proper circumstances, are not compelled to wait for the winding up of insolvent corporations, but may proceed to subject their unpaid subscriptions to the payment of their claims; but to do so they must first recover a judgment at law in the courts of this State, and have execution returned unsatisfied.

2. In such case, the creditor is subrogated to the place of the debtor corporation, and the proceeding is in the nature of an equitable attachment, by which the debts due the company may be applied to the payment of its own debts.

3. A foreign insolvent corporation owing debts, if still in existence, can be compelled, by *mandamus* or bill in equity, to collect its unpaid subscriptions wherever the stockholders may reside; and if it has ceased to exist, a receiver should be appointed, and the courts of other States, as a matter of comity, would recognize the right of the receiver, the same as they would the corporation itself if still in existence, to prosecute actions at law for the recovery of unpaid subscriptions.

4. Unpaid subscriptions are a trust fund for the payment of the debts of the corporation, which is the trustee. When, therefore, the corporation has ceased to exist, then, upon the principle that a trust shall not fail, a court of equity will take jurisdiction and wind up its affairs.

5. SAME—*extent of stockholder's liability after corporation has ceased to exist—adjustment as between the stockholders themselves.* Where a corporation has ceased to exist, its assets in excess of what is necessary to pay its debts belong to the stockholders, and the duty of the stockholder in such case is only to pay his *pro rata* share of the amount needed to pay the debts. This duty is upon all stockholders owing for stock, and it is the duty of the court to adjust the equities between the different stockholders.

6. PARTIES—*to bill to collect unpaid subscriptions.* To enforce the liability of the stockholder for his unpaid stock, it is indispensable that the corporation (or, if it has ceased to exist, all its stockholders and creditors,) should be before the court so as to be bound by its orders and decrees, and so that complete justice may be meted out to all, and all conflicting rights and equities finally adjusted.

7. A bill was filed in the circuit court by creditors of an insolvent private corporation of the State of Oregon, against defendants, as stockholders. The

complainants alleged the recovery of a judgment at law in Oregon against the company, and its insolvency, and their inability to obtain a judgment at law in this State, and also alleged that the defendants owed large sums on their subscriptions to the capital stock of the company, and sought a decree against them for the same, to satisfy complainants' demands. The court below sustained a demurrer to the bill: *Held,* that the demurrer was properly sustained, for the reason of its being impossible to acquire jurisdiction of the corporation, and the non-resident stockholders having no property here.

8. FOREIGN RECEIVER—*rights and remedies in this State.* While this court has held that a foreign receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor, yet when resident creditors have no fixed legal claim to the property, he may be allowed, as a matter of comity, to remove the same. This is consistent with the right of a receiver appointed in a foreign State, when creditors have not liens thereon, to sue in our courts for unpaid subscriptions, and collect the same, subject to the order of the court appointing him.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. C. M. HARRIS, for the appellants:

Unpaid stock of a corporation is a fund for the payment of its debts, and the liability of stockholders is joint and several. *Hatch* v. *Dana,* 101 U. S. 210; *Ogilvie* v. *Insurance Co.* 22 How. 380; *Bartlett* v. *Drew,* 57 N. Y. 287.

A creditor of a corporation will not be stayed until all the stockholders can be made to contribute their proportionate share of their liability. *Heath* v. *Burroughs,* 1 Woods' C. C. 66; *Munger* v. *Jacobson,* 99 Ill. 349.

There is an element of trust in the case, which always confers jurisdiction in equity, (*Oelrichs* v. *Spain,* 15 Wall. 228, *Rader* v. *Neal,* 13 W. Va. 386,) although the remedy was ample at law, (*Spitland* v. *Higginbotham,* 6 Munf. 614, *Coffman* v. *Layston,* 21 Gratt. 263,) or the agency partakes of a fiduciary character, or there is a fiduciary relation. *Dobbs* v. *Nugent,* 11 Jur. 943; *Badger* v. *McNamara,* 123 Mass. 117.

Any creditor may prove his claims under a decree rendered in this case. 2 Daniells' Ch. Pr. (5th ed.) 1209; Adams' Eq. 258.

As to jurisdiction, see Hurd's Stat. 1881, p. 348; *Life Association* v. *Fassett,* 102 Ill. 315; 22 id. 9; *Railway Co.* v. *Packet Co.* 108 id. 317; *Insurance Co.* v. *Bank of Bristol,* 68 id. 348; *Pennoyer* v. *Neff,* 95 U. S. 733; *Harris* v. *Pullman,* 84 Ill. 20.

The *situs* of the indebtedness of demurrants is here, and would be had it been made payable elsewhere, regardless of the residence of the payee, which of itself confers jurisdiction of the subject matter. *Wyman* v. *United States ex rel.* 12 Wash. Law Rep. 35; *Plympton* v. *Bigelow,* 93 N. Y. 592; *Miln* v. *Merton,* 6 Binn. 361.

Want of jurisdiction of the person may be waived, and is waived, because no objection is made by a non-resident defendant, or the corporation. *Insurance Co.* v. *Cohen,* 9 Mo. 417; *Redmond* v. *Hoge,* 10 N. Y. 174; *Hunt* v. *Insurance Co.* 55 Maine, 297.

The power to appoint a receiver is of the same nature as that to grant an injunction. *Beverly* v. *Burke,* 4 Gratt. 187; *Smith* v. *Butcher,* 28 id. 151; *Penn* v. *Whitebanks,* 12 id. 82.

As to grounds for appointing a receiver, see 2 Story's Eq. Jur. sec. 832; *Jenkins* v. *Jenkins,* 1 Paige, 243.

A receiver may make an assessment upon parties liable for unpaid and unassessed losses. *Thomas* v. *Whalen,* 31 Barb. 178.

A receiver may be appointed to preserve property whenever an attachment would lie, if the matter was cognizable at law. *Todd* v. *Lee,* 15 Wis. 365; *Penn* v. *Whitebanks,* 12 Gratt. 82.

It is not a sufficient objection to the bill for the want of parties that all the creditors or stockholders are not sued. If necessary, the court may, at the suggestion of either party that the corporation is insolvent, administer its assets by a

receiver, and thus collect all the subscriptions or debts to the corporation. *Ogilvie* v. *Insurance Co.* 22 How. 380.

A receiver may be appointed without notice to the opposite party, where irreparable injury would be sustained by the delay, or the defendant is out of the jurisdiction of the court, so that he can not be served with a subpœna. *People* v. *Norton,* 1 Paige, 17; *Gibbins* v. *Mainwarring,* 8 Sim. 77; *Malcomb* v. *Montgomery,* Molloy, 500.

The powers of a receiver are coëxtensive only with the jurisdiction of the court appointing him, and a foreign receiver will not be permitted, as against the claims of creditors resident in this State, to remove from this State the assets of the debtor, it being the policy of every government to retain in its own hands the property of the debtor until all domestic claims against it have been satisfied. *Railway Co.* v. *Packet Co.* 108 Ill. 317; *Insurance Co.* v. *Bank of Bristol,* 68 id. 348.

Mr. SAMUEL M. OSBORNE, and Mr. SAMUEL A. LYNDE, for the appellees:

A court of equity has not the power to take the necessary accounts and make distribution of the assets of a foreign corporation among its creditors, and to enforce, at suit of its creditors, the trust upon which it holds its property. Such proceedings must be had in a court that has jurisdiction over the corporation. *Barclay* v. *Tallman,* 4 Edw. Ch. 128; *Bank of Virginia* v. *Adams,* 1 Pars. Eq. 534.

As long as the corporation exists, the creditor must have a judgment before he can proceed in equity to enforce the payment of subscriptions. *Terry* v. *Anderson,* 95 U. S. 636; *Adler* v. *Brick Co.* 13 Wis. 57.

The stockholder is not a trustee for the creditors of the corporation. There is no privity of contract between stockholders and creditors of corporations. *Patterson* v. *Lynde,* 106 U. S. 521; *Terry* v. *Anderson,* 95 id. 636; *Ladd* v. *Cartwright,* 7 Ore. 329.

The liability of stockholders is that of debtors of the corporation. *Ogilvie* v. *Insurance Co.* 22 How. 380; *Henry* v. *Railroad Co.* 17 Ohio, 187.

The remedy of creditors is, to be subrogated in place of the indebted corporation. *Hatch* v. *Dana,* 101 U. S. 210; *Hickling* v. *Wilson,* 104 Ill. 63.

The trust upon which a corporation holds its property is for all its creditors. The bill should be in behalf of all the creditors, and the court should distribute its entire assets among the parties entitled to share in them. It should make the corporation and all its stockholders parties defendant. *Patterson* v. *Lynde,* 106 U. S. 521; *Adler* v. *Brick Co.* 13 Wis. 57; *Wetherbee* v. *Baker,* 35 N. J. Eq. 506.

Such a bill can only be filed in the courts of the State where the corporation exists. *Barclay* v. *Tallman,* 4 Edw. Ch. 128; *Murray* v. *Vanderbilt,* 39 Barb. 147; *Bank of Virginia* v. *Adams,* 1 Pars. Eq. 534.

A receiver appointed in another State may sue here in his own name. *Dayton* v. *Borst,* 31 N. Y. 435; *Mann* v. *Cooke,* 20 Conn. 178; *Chandler* v. *Siddle,* 3 Dill. 477; *Biddock* v. *Mason,* 11 C. E. Green, 230; *National Trust Co.* v. *Miller,* 33 N. J. Eq. 155.

This is so when the claims of home creditors upon the property do not conflict. *Taylor* v. *Insurance Co.* 14 Allen, 354; *Hunt* v. *Insurance Co.* 55 Maine, 297; *Runk* v. *St. John,* 29 Barb. 587.

A creditor's bill can not be maintained by the holder of a judgment of another State. *Claflin* v. *McDermott,* 12 Fed. Rep. 375; *Walser* v. *Seligman,* 13 id. 415; *McLune* v. *Benceni,* 2 Ired. Eq. 513; *Tarbell* v. *Griggs,* 3 Paige, 207; *Davis* v. *Bruns,* 23 Hun, 648; *Steere* v. *Hoagland,* 39 Ill. 264; *Farned* v. *Harris,* 19 Miss. 366; *Berryman* v. *Sullivan,* 21 id. 65; *Bullitt* v. *Taylor,* 34 id. 708; *Brown* v. *Bates,* 10 Ala. 432; Freeman on Executions, sec. 427; *Greenway* v. *Thomas,* 14 Ill. 271.

The only exception to this rule is when the corporation has ceased to exist. *Terry* v. *Anderson,* 95 U. S. 636; *Walser* v. *Seligman,* 13 Fed. Rep. 417.

A court of equity has no power to appoint a receiver of a foreign corporation. *Verplank* v. *Insurance Co.* 6 Paige, 503.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, by James Patterson and Thomas J. Brown, against the Malheuer and Burnt River Consolidated Ditch and Mining Company, and Ransom R. Cable and Cornelius Lynde, and others, stockholders in that company, to compel them to pay the amount of a debt owed by the company to the complainants, because of their respective indebtedness to the company on unpaid subscriptions to its capital stock. The circuit court sustained a demurrer to the bill, and the Appellate Court for the First District affirmed that ruling.

The Malheuer and Burnt River Consolidated Ditch and Mining Company is a corporation created under the laws of the State of Oregon, for the purpose of constructing and using ditches, and conducting mining operations, etc., in that State, only. It is alleged that the corporation commenced doing business in 1863; that in 1870 it assumed its present name, and increased its capital stock to $1,000,000, which was all subscribed; that between March, 1871, and April, 1873, the corporation became indebted to the complainant Patterson in the amount of $50,394.36, for which, on the 4th of June, 1873, it gave him its note, payable one day after date, with interest at one per cent per month, and attorney's fees; that. on the 2d of August, 1873, complainant Patterson, under a statute of Oregon then in force, procured a judgment to be entered in his favor, against the corporation, for the amount due on such note, by the clerk of a court in one of the counties in Oregon, in vacation of the court; that execution was issued

on such judgment, which was afterwards returned unsatisfied, and that complainant Brown subsequently obtained an interest in that judgment, by assignment. It is further alleged, that there are large sums due the corporation from the defendants upon the capital stock of the corporation by them, respectively, subscribed, and that some of the defendants reside in Oregon, some in Illinois, and some in other States; that by the constitution of Oregon it is provided that "the stockholders of all corporations and joint stock companies shall be liable for the indebtedness of the corporation to the amount of their stock subscribed and unpaid, and no more;" and that by the statute of that State "all sales of stock, whether voluntary or otherwise, transfer to the purchaser all rights of the original holder or person from whom the same is purchased, and subject such purchaser to the payment of any unpaid balance due or to become due on such stock; but if the sale be voluntary, the seller is still liable to existing creditors for the amount of such balance, unless the same be duly paid by such purchaser." It is further alleged, that on January 20, 1873, two of the defendants, Lynde and Cable, who are residents of this State, caused their stock to be transferred on the books of the company to one M. Johnson, but that the transfer was not for a valuable consideration, and was merely colorable. There is also an allegation of the insolvency of the corporation, apart from its unpaid capital stock.

We do not deem it necessary to notice the allegations of the bill further, since these fully present what we regard the vital points in the case.

No judgment at law was obtained in this State upon the record of the Oregon judgment, and there is no pretence that there is any property in this State belonging to the corporation, or that the corporation has, at any time, exercised corporate acts in this State. It is purely a foreign corporation, whose franchise is to be exercised entirely beyond the

limits of this State, and in the State of its origin,—that is to say, in the State of Oregon. It is shown by the bill that an action at law was brought by the complainant Patterson, against the defendant Lynde, on the record of the judgment of the Oregon court, in the Circuit Court of the United States for the Northern District of Illinois; that a judgment was rendered therein sustaining a demurrer to the declaration, and that such judgment was affirmed by the Supreme Court of the United States. As appears from the report of that case, (*Patterson* v. *Lynde*, 106 U. S. 520,) the court, after stating that the only question before it is whether an action at law can be maintained, and after reciting the constitutional and statutory provisions of Oregon before quoted, proceeds: "Since this case was decided below, the Supreme Court of Oregon has passed on the same question, and in *Ladd* v. *Cartwright*, 7 Ore. 329, determined that the individual liability of stockholders for the indebtedness of the corporation is limited to the amount of their stock subscribed and unpaid, and that the remedy of the creditor to enforce this liability is in equity, where the rights of the corporation, the stockholders, and all the creditors, can be adjusted in one suit. Of the correctness of this decision we have no doubt. The liability of the stockholder is upon his subscription,—that is to say, upon his obligation to contribute to the capital stock,—which is a trust fund for the benefit of those to whom the corporation, as a corporation, becomes liable. (*Sawyer* v. *Hoag*, 17 Wall. 610.) The constitution of Oregon created no new right in this particular,—it simply provided for the preservation of an old one. The liability under this provision is not *to* the creditors, but *for* the indebtedness. That is no more than the liability created by the subscription. The subscription is part of the assets of the corporation,—at least so far as creditors are concerned. The liability of the stockholder to the creditor is through the corporation,—not direct. There is no privity of contract between them, and the creditor has not been given,

either by the constitution or the statute, any new remedy for the enforcement of his·rights. The stockholder is liable to the extent that the subscription represented by his stock requires him to contribute to the corporate funds, and when sued for the money he owes, it must be in a way to put what he pays, directly into the treasury of the corporation, for distribution according to law. No one creditor can assume that he, alone, is entitled to what any stockholder owes, and sue at law, so as to appropriate it exclusively to himself."

Unless it shall be held that what is here said is not law, and therefore shall not be followed, it is conclusive of this case. The complainants seek to enforce payment of unpaid subscriptions, not through the corporation, nor in such manner as to bring the money directly into the treasury of the corporation, but so as to put the amount directly into their own pockets, disregarding the rights of other creditors, and the equities of these defendants in respect to other stockholders who have not paid the amount of their subscriptions.

Undoubtedly, under decisions of this court relating to domestic corporations, creditors, under proper circumstances, are not compelled to wait for the winding up of insolvent corporations, but may proceed to subject their unpaid subscriptions to the payment of their claims; but to do so, they must first recover a judgment at law in the courts of this State, and have execution returned unsatisfied. (*Greenway* v. *Thomas,* 14 Ill. 271; *Weightman* v. *Hatch,* 17 id. 281; *Bigelow* v. *Andress,* 31 id. 323; *Dewey* v. *Eckert,* 62 id. 220.) In such case, the creditor is subrogated to the place of the debtor corporation, and the proceeding is in the nature of an equitable attachment, by which the debts due the company may be applied to the payment of its own debts. (*Hickling* v. *Wilson et al.* 104 Ill. 63; *Hatch* v. *Dana,* 101 U. S. 211.) Necessarily, therefore, the judgment must be a judgment of this State. We have held, even, that a judgment of the circuit court of the United States can not thus be enforced in

the district in which it is obtained. (*Steere* v. *Hoagland,* 39 Ill. 264. See, also, *McLune* v. *Benceni,* 2 Ired. Eq. 513.) Where, however, a corporation has ceased to exist, no judgment at law can be obtained, and in such cases creditors are allowed to proceed in equity. The unpaid subscriptions are a trust fund for the payment of the debts of the corporation, and the corporation is the trustee. When, therefore, the corporation ceases to exist, the court, upon the principle that a trust shall not fail, will take jurisdiction, and wind up the affairs of the corporation. (*Terry* v. *Anderson,* 95 U. S. 636; Thompson on Liability of Stockholders, sec. 15.) But in equity, if the corporation has ceased to exist, assets in excess of what is necessary to pay the debts of the corporation belong to the stockholders, and the duty of the stockholder in such cases can, therefore, only be to pay his *pro rata* part of the amount necessary to pay the debts. · The duty is not upon one, but upon all stockholders owing for stock, to pay; and it is the duty of the court to adjust the equities between the different stockholders. *Sawyer* v. *Hoag,* 17 Wall. 610; *Adler* v. *Brick Co.* 13 Wis. 57; *Wetherbee* v. *Baker,* 25 N. J. Eq. 501.

To enforce the liability of the stockholder for his unpaid stock, in equity, therefore, it is indispensable that the corporation (or, if it has ceased to exist, all its stockholders and creditors,) should be before the court, so as to be bound and concluded by its action. A decree that one stockholder should pay, or that one creditor should be paid, must be partial and incomplete, and might be grossly inequitable and unjust; and a decree assuming to affect the rights of parties, where there is neither jurisdiction of the person nor of the entire subject matter of litigation, can, at most, be only partially effective.

In *Harris et al.* v. *Pullman et al.* 84 Ill. 25, in speaking of the power of a court of equity in this State to proceed against persons and things in another State, we quoted and adopted the language of the Supreme Court of the United States in

*Boswell's Lessees* v. *Otis,* 9 How. 348, that "jurisdiction is acquired in one of two modes: first, as against the person of the defendant, by service of process; or, secondly, by a proceeding against the property of the defendant, within the jurisdiction of the court. In the latter case, the defendant is not personally bound by the judgment beyond the property in question." Here, whether the liability of the defendants exists or not, depends not upon the law of Illinois, but upon the law of Oregon; and it has been seen by the quotation from the opinion in *Patterson* v. *Lynde, supra,* that the liability is held by the Supreme Court of Oregon to be in equity, and not at law, so that "the rights of the corporation, the stockholders and all the creditors can be adjusted in one suit." It would, in such case, be a material inquiry whether Johnson, the assignee of the stock of the defendants Lynde and Cable, had, before the filing of the bill, paid the balance due on the stock, for if he had, that would end the defendants' liability. It is simply impossible in this suit to adjust any equities, because the necessary parties are not, and can not be, brought before the court. At most, the decree could but affect the unpaid stock of Lynde and Cable. A decree as to the corporation, and as to creditors and stockholders not personally before the court, would be vain and worthless. The necessary account could not be taken, and if taken, the rights of the parties as fixed thereby could not be ascertained. We have been furnished with no precedent for a case like the present, but, on the contrary, the rulings in *Bank of Virginia* v. *Adams,* 1 Parsons, (Pa.) Select Eq. C. 534, and *Barclay* v. *Tallman,* 4 Edw. Ch. 123, are directly against it.

The point is earnestly pressed that if this remedy is not effective the complainants are without any remedy. This is a serious misapprehension, as we think. The corporation, if still in existence, could have been compelled, by *mandamus* or bill in equity, to collect its unpaid subscription; and if it had ceased to exist, a bill might be filed in the proper court in

Oregon, to wind up its affairs and have a receiver appointed, and our courts, as a matter of inter-State comity, would recognize the right of the receiver, as they would of the corporation if still in existence, to prosecute actions at law for the recovery of unpaid balances due on capital stock. *Dayton* v. *Borst*, 31 N. Y. 435 ; *Mann* v. *Cooke*, 20 Conn. 178 ; *Biddock* v. *Mason*, 11 C. E. Green, 230 ; *National Trust Co.* v. *Miller*, 33 N. J. Eq. 155 ; *Chandler* v. *Siddle*, 3 Dill. 477.

The doctrine is recognized by this court that a receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor ; but where resident creditors have no fixed legal claim to the property, he may be allowed, as a matter of comity, to remove the same. (*Chicago, Milwaukee and St. Paul Ry. Co.* v. *Packet Co.* 108 Ill. 317.) And this is entirely consistent with the right of a receiver appointed in a foreign State, where creditors have not liens thereon, to sue in our courts for unpaid subscriptions, and collect the same, subject to the order of the court appointing the receiver.

We perceive no cause to disagree with the court below, and therefore affirm its decree.

*Decree affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed :

Mr. CHIEF JUSTICE SCHOLFIELD : We have reconsidered the questions discussed upon this record, patiently, and with such care as we can, and we are unable to perceive any reason requiring us to change or modify what we have said in the foregoing opinion.

Some misapprehension exists in the mind of the attorney for the appellants, as we conceive, in consequence of not keeping in view the fact that the liability of stockholders in different corporations may not be the same, because the language of the charters fixing their liability varies materially

in its legal effect. The contract of subscription here sought to be enforced, is a contract made and intended to be performed in the State of Oregon. We must therefore, in respect to its validity, its nature, its interpretation and its effect, resort to the law of that State. By that law the stockholder is liable only for any balance that may remain unpaid upon his subscription. The liability is *to* the corporation, and not to the debtor, but *for* the indebtedness; and when, as here, he has sold his stock, his liability is only contingent, and does not become absolute until there is a failure to pay the balance by the purchaser after the same has been duly demanded by the proper officers of the corporation. The remedy is in equity, in a suit against the corporation and all the stockholders, where the rights of the corporation, the stockholders and all the creditors may be adjusted in one suit. (*Ladd* v. *Cartwright*, 7 Ore. 329.) In other States and under different laws, it may be a remedy can be enforced in a different way, by a debtor against a delinquent stockholder. We only decide that this Oregon contract can not be enforced, here, under the state of case made by this bill.

The prayer for rehearing is denied.

*Rehearing denied.*