### BROWN v. FISK.[1]

*(Circuit Court, E. D. Missouri.   March 20, 1885.)*

1. JURISDICTION—LIABILITY OF STOCKHOLDERS—REV. ST. MO. §§ 736, 745.
   A creditor who recovers judgment in a state court against a corporation cannot, under the Missouri Statutes, while the corporation remains undissolved, maintain an action at law in this court against a stockholder in the corporation to recover an amount due from him on unpaid stock.

2. SAME—EQUITY.
   In the absence of any statutory proceedings such matters are only cognizable in equity.

Demurrer to Petition.

*Fred. T. Ledergerber,* for plaintiff.

*Geo. D. Reynolds,* for defendant.

TREAT, J., *(orally.)*  This is an action brought by a judgment creditor of a railroad corporation against the defendant, as a stockholder, for the amount due from him on unpaid stock. The original judgment was had in the circuit court of Cape Girardeau county. This suit is an independent action brought by the judgment creditor against this stockholder in the St. Louis circuit court,—an ordinary action at law. Matters of this nature are cognizable in equity, and only in equity, unless there is some statutory proceeding with respect thereto. That has been fully determined, notably in a case in 106 U. S. *Patterson* v. *Lynde,* 106 U. S. 519; S. C. 1 Sup. Ct. Rep. 432.

Now, the Missouri statute has two provisions:

(1) Execution having been returned *nulla bona,* to cite in a stockholder and award what is in the nature of a judgment, that is a new execution against him for the portion of the stock unpaid. But that must be done in the court where the original judgment was rendered. (2) There is another provision

1 Reported by Benj. F. Rex, Esq., of the St. Louis bar.

that, where the corporation is dissolved, you may proceed by an independent suit.

Now, nothing of the kind has occurred in this case. The party has no standing under the statute at all, nor has he pursued the remedy which the statute prescribes. So far, then, as this court is concerned, a common-law action cannot be tried in this way against a stockholder of an undissolved corporation.

Demurrer sustained, and judgment entered for defendant.