GEIGY COMPANY, INC. *vs.* WILLIAM WILFLING *et al.*

APRIL 7, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J.   This bill in equity is brought by complainant, a New York corporation, against William Wilfling and Joseph Cavedon of Woonsocket and Otto C. J. Haufe and Victor E. Meyer of New York City.   The bill alleges that complainant sold merchandise to the Quality Piece Dye Works, Inc., a Rhode Island corporation, for which partial payment only has been made; that Quality Piece Dye Works was adjudged bankrupt prior to October 31, 1927, when said corporation owed complainant $4770.70; that, each respondent received shares of the capital stock of said Dye Works of the book value of $50,000 for which full consideration was not paid; that complainant brought suit against Quality Piece Dye Works in the Superior Court and recovered judgment March 3, 1928, on which execution

issued March 7, 1928 and was returned wholly unsatisfied; that complainant within one year from the date on which said execution was returnable brings this bill of complaint under the provisions of Chapter 248, General Laws 1923. The prayer for relief is that respondents and each of them may be held liable to the complainant for the amount of said judgment. Separate demurrers of Cavedon and Haufe to the bill were sustained by the Superior Court on the grounds that it appears by the bill that the Geigy Company is not a proper party complainant and also that if any right of action exists against respondents such action exists in favor of the trustee in bankruptcy and not in the complainant.

The cause is in this court on complainant's appeal from the decree sustaining the demurrers and dismissing the bill as to respondents Cavedon and Haufe.

The averments of fact and time in the bill are rather vague. No neglect or refusal of the trustee to act is charged and, so far as appears, the estate of the debtor corporation is still in process of settlement in the bankruptcy court.

Complainant by this proceeding seeks to recover for his own benefit several unpaid subscriptions for stock of the bankrupt corporation. Section 37 of Chapter 248, General Laws 1923, provides that: "When the whole issued capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary, if any, to complete the amount of the par value of such share as fixed by the charter or articles of association, or such proportion of that sum as shall be required to satisfy the debts and obligations of the corporation; in the case of stock without par value, this liability shall be limited to the unpaid balance, if any, of the consideration for which such stock was issued by the corporation; . . . Such liability of any stockholder may be enforced by an action of the case or by a bill in equity brought by the corporation or by its receiver, assignee or trustee in bankruptcy, but only in case such action or bill is brought during

such stockholder's record ownership of unpaid stock or, where such liability continues after a transfer of such stock, within six years after such transfer has been recorded on the corporation's books; and such liability may be enforced by any creditor of the corporation by an action of the case or bill in equity, but only after judgment or decree has been obtained by such creditor against the corporation and execution on such judgment has been returned unsatisfied in whole or in part, or said decree has not been complied with . . . ."

The liability of the delinquent stockholder under Section 37 arises when the assets of the corporation are insufficient to satisfy its obligations; it is limited to the amount still due to the corporation on each share, or to such proportion of that amount as is required to satisfy the debts of the corporation. Section 37 is supplemental to the right of the corporation itself to enforce full payment of a stockholder's contract of stock subscription. That right is a property right and an asset of the corporation which vests in the trustee in bankruptcy by operation of law; it is his duty to conserve it.

The liability under this section is primarily for the corporate debts; any liability of the stockholder to the creditor is not direct but is through the corporation. The indebtedness is an indebtedness to the corporation and not to its creditors. The contract of the stockholder is with the corporation and any action to collect an indebtedness for an unpaid subscription should be such as to secure an equal distribution to the creditors. *Patterson* v. *Lynde*, 106 U. S. 519.

The entire property of the bankrupt, except what is exempt, vests in the trustee under the National Bankruptcy Act. The creditors by application to the bankruptcy court and for cause shown may, by order of the court, compel the trustee to take any proper steps to secure the due administration of the bankrupt law. *Glenny* v. *Langdon*, 98 U. S. 20.

The chief object of the bankrupt law is to secure the equal distribution of the property of the bankrupt of every kind

among his creditors and to avoid preferences. This can best be effected through the rights vested in the trustee and by the faithful discharge of his duties. *Trimble* v. *Woodhead* 102 U. S. 647. The act in question was not intended to enable a creditor to secure a preference. The precise extent of a creditor's right of action under the act need not now be defined. In the circumstances now under consideration, the right to sue delinquent stockholders is in the trustee only. Any recovery by complainant in this proceeding, if it was permitted, would belong to the trustee. The complainant creditor can enforce its legal rights through action by the trustee. It loses nothing by the denial of its suit, except a preference, to which it has no right either under the State or the Federal laws.

The appeal of complainant is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Archambault & Lambert,* for complainant.

*Comstock & Canning, Andrew P. Quinn, George A. Johnson,* for respondent Haufe.