## Louis H. Coleman, Executor, Samuel Mendenhall, Jay Smith and Frank W. Tracy v. Samuel E. Howe et al.

1. RES ADJUDICATA—*What is Not.*—The judgment of the Appellate Court reversing and remanding a judgment, with directions to take the proper account and enter a decree according to the principles announced in the opinion, is not a final judgment, and the case may again be appealed from the taking of the account in the court below.

2. STOCKHOLDERS—*Suits May be Against All or a Part.*—A person having the right to file a bill against the stockholders of a corporation, may proceed against a part of them without joining all, subject to the right of those brought in by the bill to bring in the others by cross-bill.

Memorandum.—In chancery. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1892, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

GREENE & HUMPHREY, solicitors for appellants Louis H. Coleman, executor, and Samuel Mendenhall.

BROWN, WHEELER & BROWN, solicitor for appellant Jay Smith.

JAMES H. MATHENY, solicitor for appellant Frank W. Tracy.

GROSS & BROADWELL, and CREA & EWING, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term. (Howe v. Ill. Agrl. Works, 46 Ill. App. 85.) We deem it unnecessary to restate the views then expressed as we find no occasion to modify them in any essential respect.

The appellees have moved to dismiss the appeal on the ground that our former judgment was final, and that an appeal to the Supreme Court might have been prosecuted therefrom. We reversed and remanded with directions to take the proper account and enter a decree according to the principles announced in the opinion then filed.

Coleman v. Howe.

Upon a second hearing a decree was entered against the present appellants. In our former decision we merely stated the rule of law which we thought should govern, and did not undertake to settle the amounts for which the various stockho' ers should be held.

In order to reach a conclusion, the Circuit Court had to ascertain not only how much the appellants were liable for, but how much might be due each complainant, and so various questions of fact and perhaps of law might arise which were not determined by our decision when the case was here before.

We are of opinion the motion to dismiss the appeal should be overruled.

The appellants present the objection now that, conceding for the sake of argument they are liable, yet it was error to assess the entire amount due the complainants against them, without regard to the liability of Coleman and Post.

These two and Reed were made defendants along with the appellants. Reed was not served, and the bill was dismissed as to him before the first hearing. Coleman and Post made no answer and a default was entered as to them.

The first hearing resulted in a dismissal of the bill as to all the defendants.

The present appellees brought that record to this court by a writ of error, and the only question then contested was as to the liability of the present appellants. The reversal opened the whole case, and when the cause was remanded it was to be heard anew.

Notice of the motion to reinstate was served upon the appellants, but not upon Post, or upon Coleman in his personal capacity, and the cause proceeded to a second hearing in this shape, no further attention being paid to Post and Coleman.

Whether this was by design, or from mere oversight, we can not ascertain from the record, but it is hardly presumable that a matter so apparent was overlooked.

We think it fairly inferable, if indeed, not proved, that Post and Coleman are not pecuniarily responsible, and, no

doubt, for this reason it was not deemed important to adjust their liability to the appellees as creditors, or to the appellants as co-stockholders.

As already stated, Reed was dropped out of the case early in its history. By going to a hearing upon re-instatement, without notice to Coleman and Post, the contesting parties dropped them also from the case. No other fair inference arises from such action, and having tried the case in this condition without suggestion of irregularity in the court below, neither side should be permitted to make objection on that account for the first time in this court. That the appellees might, by bill, proceed against a part of the stockholders without joining all, subject to the right of those brought in by the bill to bring in the others by cross-bill, is settled in this State. Clapp v. Peterson, 104 Ill. 26; Hickling v. Wilson, Ib. 54; Patterson v. Lynde, 112 Ill. 196; Young v. Farwell, 139 Ill. 326; see also Hatch v. Dana, 101 U. S. 205.

Had the bill omitted Coleman, Post and Reed, and had the appellants neglected to bring them in by cross-bill, the objection now urged would be untenable beyond all question. We think the situation now appearing is substantially the same.

The decree will be affirmed.