Alexander J. Groesbeck, Receiver, Appellant, v. Mary M. Beaupre, Appellee.

Gen. No. 41,193.

Opinion filed November 20, 1940.   Rehearing denied December 11, 1940.

GLENN, REAL & BROWNING, of Chicago, for appellant; HAROLD E. BAILY, of Chicago, of counsel.

ECKERT & PETERSON, of Chicago, for appellee; WALTER H. ECKERT, TOM LEEMING and OWEN RALL, all of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Alexander J. Groesbeck, receiver of Guardian Detroit Union Group, Inc., a corporation organized under

the laws of the State of Michigan, filed his amended complaint in chancery in the superior court of Cook county, Illinois, on October 27, 1939. The complaint consists of two counts.

On May 29, 1933, the Guardian Union Group, Inc. was dissolved. On and prior to that date Frances M. Bronner was the owner of 335 shares of common capital stock of said Guardian Detroit Union Group, Inc., which stock she continued to own until the date of her death on March 28, 1935. Mary M. Beaupre, the defendant, was a beneficiary and distributee of the estate of Frances M. Bronner, deceased. In liquidation proceedings in the circuit court of Wayne county, Michigan, an assessment against the capital stock of the corporation was levied on December 28, 1937. Count A of the complaint seeks the recovery of this assessment upon the 335 shares of stock, owned by Frances M. Bronner at the time of her death, from her beneficiary and distributee, the defendant, Mary M. Beaupre.

Count B of the amended complaint was dismissed on motion of plaintiff.

The defendant filed a motion to dismiss the amended complaint, setting up that the said remaining count as amended was insufficient in law for the reason that no claim was filed against the estate of said Frances Bronner within the time allowed by statute, and that said claim against the estate of said Frances Bronner was not contingent, but absolute.

The trial court entered a final decree on January 15, 1940, finding that the amended complaint states no ground for equitable relief and ordering that defendant's motion to dismiss Count A be sustained and that the amended complaint be dismissed.

No point was raised on the pleadings other than the fact that the amended complaint did not state a cause of action as a matter of law.

Plaintiff's theory of the case is that the cause of action sued on was contingent during the entire period

of administration of the estate of Frances M. Bronner in the sense that it was uncertain as to whether there ever would be liability upon the stock; that said claim was therefore not a provable claim against said estate; that said claim became absolute in the sense that liability was established and enforceable on December 28, 1937, when the amount of the assessment was fixed and levied by the circuit court of Wayne county, Michigan, and that plaintiff therefore has a cause of action in equity to recover from the distributee of the estate of Frances M. Bronner to the extent of any assets distributed to the defendant.

Defendant's theory of the case is set forth substantially as follows:

1. The liability of a stockholder of the holding company was a liability, in contract, to pay the stockholder's proportionate share of the bank-stock liability of the holding company.

2. Whenever the liability of the holding company for an assessment on bank stock became fixed, the liability of the shareholders of the holding company for their proportionate parts ceased to be contingent.

3. Under the Michigan law the liability for an assessment on bank stock becomes definite and fixed whenever the commissioner of banking has made an assessment and no court order is necessary to give such assessment vitality.

4. Whether collectible by the receivers of the closed banks or by the holding company receiver, the liability of the holding company's shareholders ceased to be contingent with respect to each bank-stock liability now asserted the moment the commissioner of banking levied his assessment.

5. The assessments antedated Mrs. Bronner's death, the liability of her estate was not contingent, and the claim is now barred.

6. No further assessment or order of court was necessary under Michigan law to establish the contrac-

tual liability of Mrs. Bronner, the decedent, on her shares of holding company stock, and the fact that the plaintiff chose to postpone filing this suit for five years after his right to enforce the contractual obligations of holding company stockholders had been sustained by the Supreme Court of Michigan is no concern of the defendant and does not enlarge the time given him by the laws of Illinois to enforce liabilities against the assets of the decedent.

In order to clarify a rather involved controversy, we think it well to set forth the dates which are controlling in this case.

On March 31, 1933, a petition entitled "In re: Application for Voluntary Dissolution of and Appointment of Receiver for Guardian Detroit Union Group, Inc., a Michigan Corporation," was filed in the circuit court, Wayne county, Michigan in chancery, setting forth that on May 29, 1933, the Guardian Detroit Union Group, Inc., was dissolved by decree of said circuit court in chancery, and plaintiff was appointed receiver for the assets of said corporation, and that he accepted and qualified.

It appears that at the time of the appointment of the receiver, the Guardian Detroit Union Group, Inc., was the owner of common capital stock of the following banks and trust company organized under the laws of the State of Michigan, with the par value as here set forth:

"Union Guardian Trust Company.................$4,927,300.00
Union Industrial Trust & Savings Bank, Flint....... 1,965,900.00
Guardian Bank of Trenton...................... 40,000.00
State Bank of Six Lakes....................... 8,500.00
State Bank of Vestaburg....................... 8,000.00
State Savings Bank of Stanton................... 15,000.00"

It further appears that thereafter the commissioner of the State banking department took over the custody and management of all the assets of said banks and trust company and appointed conservators or re-

ceivers, and proceeded to liquidate the same. That the commissioner of banking, with the approval of the Governor, duly levied as assessment upon the stockholders of each of said banks and the said trust company to enforce the individual liability of each of the stockholders equal to 100 per cent of the par value of their stock. That the assessment so levied on the stock owned by the Guardian Detroit Union Group, Inc. was made on the date and in the amounts as set opposite the names of each of said banks and trust company, as follows:

"Union Guardian Trust Company, August 31, 1933...$4,927,300.00
Union Industrial Trust and Savings Bank, Flint,
 June 2, 1933.................................... 1,965,900.00
Guardian Bank of Trenton, August 31, 1933........ 40,000.00
State Bank of Six Lakes, July 10, 1934............ 8,500.00
State Bank of Vestaburg, November 16, 1936........ 8,000.00
State Savings Bank of Stanton, September 25, 1934.. 15,000.00"

It further appears that the respective receivers and conservators filed their claims in the receivership cause against the plaintiff as receiver of the Guardian Detroit Union Group, Inc., which said claims were duly approved and allowed by an order of the circuit court for the county of Wayne in chancery entered on December 28, 1937; that on October 25, 1937, the circuit court directed plaintiff to give all known stockholders of said Guardian Detroit Union Group, Inc. notice of plaintiff's application to said court for an assessment on the stockholders of said corporation; that on November 3, 1937, plaintiff mailed a copy of the petition seeking said assessment and the order setting said petition for hearing on November 15, 1937, to all known stockholders, including one Frances Bronner, as owner of record of the shares of stock herein involved; that on November 15, 1937, the circuit court of Wayne county entered an order decreeing "that the amount of the assessment should be $4.508 per share and authorizing the compromise of said assessment at

$3.50 per share should payment be made prior to the institution of suit.'' The court directed that this plaintiff should collect said assessment. That plaintiff demanded payment of the aforesaid assessment from the defendant and informed her of the right to compromise upon the payment of $3.50 per share, but that said defendant refused to compromise said assessment.

It further appears that on May 29, 1933, Frances M. Bronner was the owner and holder of 335 shares of common capital stock of the Guardian Detroit Union Group which she held until the time of her death on March 28, 1935; that letters testamentary were issued on April 18, 1935; that by the terms of decedent's will, all of her estate not specifically bequeathed was bequeathed to the defendant Mary M. Beaupre and that the said 335 shares of common capital stock aforesaid, were distributed pursuant to the order of court and were accepted and receipted for by said Mary M. Beaupre on December 31, 1935, and it is claimed that she is liable for the proportionate share of said assessment amounting to $1,510.18; that by an order entered in the probate court of Cook county, Illinois, on December 31, 1935, personal property of a value well in excess of $5,000 was distributed to and accepted and receipted for by said Mary M. Beaupre; that the final account of the executors was approved and the executors were discharged on May 1, 1936.

The amended claim in chancery was filed in the superior court of Cook county on October 27, 1939.

The only question in this case is whether this contractual liability on 335 shares of holding company stock owned by the testatrix, who died March 28, 1935, remained uncertain, unprovable and contingent until after April 18, 1936, when the year for filing claims against her estate expired. If contingent until fixed by order of Michigan circuit court, plaintiff may recover from defendant on the theory that as a legatee

of Mrs. Bronner's estate, she is liable for contingent claims which were not provable against the decedent's estate until they finally became certain, although this was after the estate in Illinois was closed.

Plaintiff contends that the cause of action sued on was contingent during the entire period of the administration of the estate of Frances M. Bronner in the sense that it was uncertain as to whether there ever would be liability upon the stock; that said claim was therefore not a provable claim against said estate; that said claim became absolute in the sense that liability was established and enforceable on December 28, 1937, when the assessment was levied by the circuit court of Wayne county, Michigan, and that plaintiff therefore has a cause of action in equity to recover from the distributee of the estate of Frances M. Bronner to the extent of any assets distributed to the defendant.

The liability of a stockholder in a foreign corporation is determined by the laws of the State in which said company was incorporated. This was decided in the case of *Young v. Farwell,* 139 Ill. 326, and also in *Hawkins v. Glenn,* 131 U. S. 319. It has been held that under the laws of the State of Michigan, the receiver of a private corporation takes title to corporate assets and is the only one who can enforce the superadded liability imposed by contract and prescribed by the articles of association. *Simons v. Groesbeck,* 268 Mich. 495; *Golden v. Cervenka,* 278 Ill. 409.

The levying of the assessment is a condition precedent to the right to enforce the claim for superadded liability. *Young v. Farwell,* 139 Ill. 326.

The Supreme Court of this State in speaking of the time when a super-liability accrues, states that it is enforceable when the court in the liquidation proceedings finds the amount of assessment that is necessary and directs the receiver to collect the same.

It has also been held that where an assessment for super-liability is made more than a year after the

granting of letters of administration in Illinois, the claim is provable only against uninventoried assets. *Hawkins v. Glenn,* 131 U. S. 319; *Bocock v. Lee,* 210 Ill. App. 402; *Chicago Title & Trust Co. v. Corporation of Fine Arts Building,* 288 Ill. 142; *Pufahl v. Parks,* 299 U. S. 217, affirming 283 Ill. App. 95. In the latter case the question was whether or not a claim of a federal receiver should be given precedence over ordinary claims. In the instant case the issue is whether a claim which could not be presented to the probate court for collection prior to the final accounting and closing of the estate, could not, thereafter, be collected in chancery from the beneficiaries of the estate who had received its assets, or as in this case from the actual holder of the stock who receives it as a bequest.

There is no charge or claim made in this case that the plaintiff was guilty of laches or could have taken action in the probate court and recovered the amount of the assessment on said stock prior to the time when the estate was finally closed. We do not think the statute requiring all claims be filed within a year (Ill. Rev. Stat. 1939, par. 71, sec. 70 [Jones Ill. Stats. Ann. 110.071]) is in a sense a statute of limitations as against other claims, but it is a wise provision tending to hasten the closing of estates and should not be construed to prejudice the rights of a bona fide creditor who is the owner of a contingent claim and later ripened into finality such as the one in this case. We believe that until the circuit court of Michigan determined absolutely the amount which was due, the claim was contingent and could not be proven in the probate court. All claims must be for a fixed amount so that the court in passing upon such claims may have a fixed basis upon which to arrive at a decision. It is practically conceded that a court of chancery could give relief equitably as against the defendants to the extent of the liability which had been fixed by the circuit court of Michigan based on the stock which was inherited

through the will of the late Frances M. Bronner if it were not for the one year provision of the Illinois statutes regarding closing estates in the probate court. This being true, we think the court was in error in dismissing the complaint.

For the reasons herein given the decretal order of the circuit court is reversed and the cause is remanded with directions that the trial court enter a proper decree finding for the plaintiff and against the defendant for the sum of $1,509.60 and costs.

*Decretal order reversed and cause remanded with directions to find for plaintiff and against defendant for the sum of $1,509.60 and costs.*

Hebel, P. J., and Burke, J., concur.