Syllabus.

# TIMOTHY MOSHIER, Admr.

*v.*

# WILLIAM H. MEEK *et al.*

| | |
|---|---|
| 80 | 79 |
| 122 | 333 |
| 80 | 79 |
| 35a | 126 |
| 80 | 79 |
| 139 | 551 |
| 80 | 79 |
| 149 | 426 |
| 150 | 219 |
| 80 | 79 |
| 175 | 441 |
| 80 | 79 |
| 91a | 2260 |

1. VENDOR'S LIEN. A vendor's lien in equity is created by operation of law, even though the vendor does not know that such lien exists when he parts with the title to land, without any other security for the payment of the purchase money.

2. Any act or declaration of the vendor which shows he does not rely upon the lien, or has abandoned it, operates to prevent its attaching, or to destroy it.

3. SAME—*how lost*. If the vendor transfers the notes taken for the purchase money, he is regarded as having received his pay, and the lien is gone and does not pass to his assignee. And if the vendee sells the land to one not having notice of the lien, or not chargeable with notice, the lien will be lost.

4. Where a father conveyed land to his son, taking his notes for the price, and during his lifetime declared that he did not intend to collect the notes: *Held*, that such declaration clearly showed he did not intend to rely on or enforce a vendor's lien, and consequently his representatives could not enforce one.

5. CREDITOR'S BILL—*legal remedies must first be exhausted*. A creditor's bill will not lie where the complainant has not shown he has exhausted his legal remedies. The claim must be reduced to a judgment, and an execution returned *nulla bona*, before a court of equity will aid in reaching equitable interests.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill in equity, by Timothy Moshier, administrator of the estate of Daniel Meek, deceased, against William H. Meek, Eveline M. Meek, Jesse Weathers, and Zelotus Cooley, to enforce a vendor's lien. The opinion of the court states all the necessary facts of the case.

Messrs. LANPHERE & BROWN, for the appellant.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears that some time in February, 1866, one Daniel Meek owned, amongst others, a quarter section and the fourth of a quarter section of land, lying in Knox county, in this State; that on that day he and his wife, and one Dowdey and wife, who held the legal title of a portion of it for him, conveyed this two hundred acres to his son, Wm. H. Meek, and took from him three promissory notes, for $1000 each, payable, respectively, in one, two and three years, without interest. Soon after this conveyance, William went into possession, and has held the lands ever since.

The notes were never paid, and remained in the possession of Daniel Meek until his death, which occurred in March, 1873; that on the 16th of that month complainant was appointed administrator of the estate, and qualified as such. The notes not being paid, after his father's death, and before this bill was filed, William and his wife conveyed the lands to his father-in-law, for the expressed consideration of $5000, and took his notes therefor. William had previously mortgaged the premises to one Cooley, for $1200. Appellant filed a bill, in the Knox circuit court, to enforce a vendor's lien on the land, and made the mortgagee, the vendee, and William and his wife parties defendant, charging that the mortgagee and vendee took with full notice.

The defense was interposed, that the purchase was made in good faith and for value; but that was abandoned, and they relied on the defense that Daniel Meek took the notes simply as a form, and never intended to collect the money, and the land was intended as an advancement.

On a hearing below, the court refused to grant the relief sought, and dismissed the bill; and to reverse that decree complainant brings the record to this court on appeal, and assigns various errors.

A vendor's lien is given by equity, on the ground that it is, in the absence of proof to the contrary, supposed the ven-

dor of lands does not intend to unconditionally part with the title to his land without security for the payment of the purchase money. Hence, equity has created a lien on the land in favor of the vendor, for the unpaid purchase money. And this lien, in equity, is created without the express agreement of the parties, and even when they do not know that such a lien exists or is created by operation of law. But any act of the vendor which manifests an intention not to rely on such a lien, prevents it from attaching, or destroys it after it has attached. If he take other security for the unpaid purchase money, or declare that he does not rely upon or hold the lien, that is sufficient to discharge it. When the vendor transfers the notes, he is regarded as having received his pay, and the lien is gone and does not pass to the assignee. And in case the vendee sells to a person who has no notice of the lien, or is not chargeable with notice, the purchaser takes the land free from the lien of the first vendor. Any act or declaration of the vendor which shows he does not rely upon or has abandoned the lien, operates to destroy it or prevent its attaching to the land.

This being a bill to enforce a vendor's lien, complainant, to have the relief prayed, must show all the conditions necessary to the creation and continuance of the lien. Has he done so in this case? We think not. Without passing upon or in anywise determining the effect of the declarations made by Daniel Meek in his lifetime, that he did not intend to collect the notes of William on his legal liability for their payment, they clearly and unmistakably manifest a determination not to rely upon or to enforce the lien. This is as manifest from these declarations, as if he had formally said, when the conveyance was made, that he waived the right to insist upon a vendor's lien, or had subsequently said the same thing.

The vendor's lien not being in writing or created by contract, and being only implied in equity, it does not require to be released by writing. As it is inferred to exist, anything

6—80th Ill.

that indicates that it is not relied on or is waived may be shown to rebut the inference. Hence it is not like writings, which can not be contradicted or varied by parol, as the declarations of the vendor may be heard to overcome the inference, and we think the inference is effectually rebutted in this case. And if Daniel Meek had no vendor's lien, it can not be that his representative can enforce one.

There being no vendor's lien, there is no other ground for maintaining the bill. Relief can not be granted on the ground, simply, that complainant is a creditor. He has not shown that he has resorted to and exhausted his legal remedies. The statute requires that the claim shall be pushed to a judgment, and a return of *nulla bona*, before equity will aid in reaching equitable interests and rights. Had the claim been thus reduced to judgment, and a failure to obtain property for its satisfaction, then a bill might be exhibited to render the land liable for its payment.

Perceiving no error in the decree of the court below, it must be affirmed.

*Decree affirmed.*