ALFRED DORMUEIL *et al.*

*v.*

HENRIETTA WARD *et al.*

*Filed at Ottawa November 20, 1883.*

1. CREDITOR'S BILL—*jurisdiction—no judgment at law, etc.* A creditor's bill will not lie in any case upon a purely legal demand, where the creditor has not first exhausted his remedy at law by obtaining a judgment and execution, which prove unavailing by reason of fraudulent conveyances or want of property subject to execution at law. The creditor can not proceed in equity in the first instance, unless his claim has some equitable element, such as a trust, or the like.

2. Where an execution has been returned *nulla bona* upon a judgment at law, and the creditor can show that the debtor has equitable assets which can not be reached by execution, or that he, or others acting in concert with him, have fraudulently placed obstructions in the way of collecting the demand by execution, a case will then arise for the interposition of a court of equity. This is a part of the ancillary jurisdiction of a court of equity.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the appellants:

It appears that a judgment at law and an execution thereon would be unavailing. The creditor is not bound first to obtain these, and thus do a useless act, before seeking the aid of a court of chancery. *Steere* v. *Hoagland et al.* 39 Ill. 266; *Nelson* v. *Rockwell*, 14 id. 375; *Greenway et al.* v. *Thomas et al.* id. 271; *United States* v. *Parrott*, 1 McLean, 271; *Heynemann* v. *Danneberg*, 6 Cal. 376.

There is no remedy at law against this fund in the hands of the officer of the court, by execution on judgment, or garnishment. *Reddick* v. *Smith*, 3 Scam. 452; *Lightner* v. *Steinagel*, 33 Ill. 515; Drake on Attachments, secs. 504–507.

In case of fraudulent conduct, and where fictitious debts are charged, the party injured can come into a court of equity

in the first instance.   *Pendleton* v. *Perkins*, 49 Mo. 565; *Turner* v. *Thomas*, id. 95; *Conro* v. *Port Henry Iron Co.* 12 Barb. 58; *Bank* v. *Paine*, 13 Rep. 796.

Messrs. FLOWER, REMY & GREGORY, for the appellees:

Conceding that appellees were disposing of their property in fraud of their creditors, appellants had no right either to enjoin or call such transfers in question until their claim had been reduced to a judgment.   *Miller et al.* v. *Davidson*, 3 Gilm. 518; *Greenway* v. *Thomas*, 14 Ill. 271.

Bill does not lie to restrain debtor from disposing of goods pending a trial at law, so that they may be levied upon. *Phelps* v. *Foster*, 18 Ill. 309; *Bigelow et al.* v. *Andress et al.* 31 id. 322; *Shufeldt* v. *Bœhm*, 96 id. 560; *Scripps et al.* v. *King et al.* 103 id. 469.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a decree of the Superior Court of Cook county dismissing a bill in chancery, in the nature of a creditor's bill, for want of equity.

The bill shows that shortly after the 15th of May, 1881, Charles and Henrietta Ward commenced business as merchants in the city of Chicago, under the firm name of Ward & Co., and continued in business until November 22, 1882; that the business was conducted exclusively by Frederick Ward, the husband of Henrietta Ward; that the complainants are creditors of Charles and Henrietta Ward, on account of goods sold to the firm of Ward & Co., in the sum of $2481.02, none of which (except $617.26) was then due, and would not be due until the months of January and February, 1883; that Charles Ward had left the State and removed to Dakota; that he is now, and always has been, irresponsible, and has had no property liable to execution, except the partnership

effects; that appellees claim he sold out his interest in the firm about the 24th of January, 1882, to Henrietta Ward, for which she gave him her note of that date, for $8500; that she subsequently, on the 28th of November, 1882, confessed a judgment in his favor on said note, upon which an execution was issued and levied upon the stock of goods then belonging to her as surviving partner of the firm of Ward & Co., and that the same was sold under the execution; that a large portion of the goods thus sold had been purchased of complainants; that of the proceeds of such sale there was then in the hands of the sheriff $2374.05, which complainants insist should be applied to the payment of their debts; that said note was given without consideration, and is therefore void.

All of the foregoing acts are charged to have been done fraudulently, and with the intent to defeat, hinder and delay complainants and other creditors in the collection of their just debts. Many other fraudulent acts and pretenses on the part of appellees are charged in the bill, which are not necessary to be stated, for if a bill of this kind can be maintained at all on the ground that the debtor has been guilty of fraud, and is seeking to defeat the collection of an honest debt by covering up his property or placing it beyond the reach of his creditors with a fraudulent intent, enough is clearly shown to maintain this bill.

But it is clear, unless we are prepared to overrule a long line of decisions extending back almost to the time of the organization of this court, a bill of this character can not be maintained upon the ground suggested, and this, of course, we can not consistently do in face of the fact the rule adopted by this court is supported by the decided weight of authority. As was said in a recent case, this is no longer an open question in this court, and we should have contented ourselves with a simple reference to the previous cases on the subject, but for the fact that counsel have insisted with so much earn-

estness that this case comes within one of the exceptions to the general rule which most of the cases concede to exist. These so-called exceptions, when properly understood, are rather nominal than real, for a bill of this character will not lie in any case where the claim, as it is here, is a purely legal demand.     In all cases where such a bill has been maintained the claim of the complainant has had some equitable element in it,—such as a trust, or the like.     But in the absence of some element of this character there is a want of jurisdiction to adjudicate upon the claim at all, and it is upon this fundamental doctrine the rule controlling this class of cases rests. When, however, a judgment has been obtained, and an execution has been returned *nulla bona*, and it can be shown the defendant has equitable assets which can not be reached by execution, or that he, or others acting in concert with him, have fraudulently placed obstructions in the way of collecting the claim by execution, a case will then be made out for the interposition of a court of equity.     The jurisdiction of the court thus invoked is known as a part of the auxiliary jurisdiction of a court of equity; but as a condition precedent to its exercise, where the demand is purely legal, as it is here, the claim must be reduced to a judgment, and an execution thereon returned *nulla bona*.     Such is the settled law of this State, and it is supported by the general current of authority.     Bispham's Equity, 525–527; *Miller et al.* v. *Davidson*, 3 Gilm. 518; *Greenway* v. *Thomas*, 14 Ill. 271; *Phelps* v. *Foster*, 18 id. 309; *Bigelow et al.* v. *Andress et al.* 31 id. 322; *Shufeldt* v. *Boehm*, 96 id. 560.

In the present case the complainants are seeking to recover a simple contract debt for goods sold and delivered.     There is no claim or pretense that the debt itself has any equitable element in it that is not found in any other just debt, or that will give a court of equity jurisdiction to adjudicate upon it. It is just like any other strict legal claim.     All the equitable features of the present case consist of the fraudulent acts of

appellees in their efforts to defeat the collection of the claim of appellants. These are not sufficient, as is fully shown by the authorities already cited, to give a court of equity jurisdiction.

The decree in this case being in conformity with the views here expressed, the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*