JACOB BEIDLER

v.

CHARLES H. DOUGLAS ET AL.

*Creditor's Bill—Property in Hands of Third Persons—Judgment and
Execution—Failure to Prove—Admission.*

Upon a creditor's bill, seeking to reach property in the hands of third
persons, alleged to belong to a judgment debtor, no proof being offered by
the complainant in support of the allegations therein of the recovery of a
judgment, and the issuance of an execution and the return thereof unsatis-

Beidler v. Douglas.

fied, it being claimed by him that the existence thereof was admitted on the hearing by the counsel for the defendants, no such admission being found in the record, this court declines, in view of the absence of proof touching these points, to interfere with the decree for the defendants.

[Opinion filed December 24, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Messrs. Arthur B. Camp and Grant Newell, for appellant.

Messrs. Tenney, Hawley & Coffeen and A. W. Underwood, for appellees.

Moran, J.  Appellant filed a certain bill against the appellees, and on the hearing in the court below on the bill, answers and proof, the court dismissed the bill for want of equity.

The bill alleges the recovery of a judgment against appellee Douglas, and that an execution had been issued thereon, and had been returned unsatisfied, and seeks to reach in the hands of the other appellees, property which it was alleged belonged to said Douglas. The answer of all the defendants except Douglas, traverse all the allegations in the bill not specifically answered, admitted or denied, and they nowhere admit the recovery of the judgment against Douglas, or the issuing or return unsatisfied of any execution against him.

On the hearing, appellant offered no proof of the existence of such a judgment or of the issue or return of any execution thereon. Appellant claims that the existence of the judgment and execution were admitted on the hearing, by the counsel for appellees, but the part of the record to which counsel refer in the briefs, contains no such admission, and we have searched throughout the record in vain to find it. It was indispensable to the maintenance of appellant's bill that he should prove every material fact alleged therein which was not admitted by the answers, whether the same was denied by answer or not. Proof of the existence of the judgment and the

return of the execution unsatisfied, was essential, as those are jurisdictional facts, and unless they are made to appear in some manner the court is without authority to grant any relief upon a creditor's bill.    Moshier v. Meek, 80 Ill. 79; Dormeuil v. Ward, 108 Ill. 216.

As we have seen, these necessary facts were not admitted by the answers, nor shown by the evidence, and on the ground of the failure of the proof to sustain the allegation of the bill in that regard, and without reference to any other question made in the case, the decree of the court below dismissing the bill must be affirmed.    Dooley v. Stipp, 26 Ill. 89; Heacock v. Durand, 42 Ill. 230.

*Decree affirmed.*