65 301
169s 178

# R. H. Austin et al. v. William P. Bruner and Maria M. Lafout.

1. CREDITOR'S BILLS.—As a general rule a creditor whose claim is strictly a legal demand, must, before he is in a position to file a creditor's bill, obtain a judgment and have an execution issued thereon and returned no property found.

2. FRAUDULENT CONVEYANCES—*By an Insolvent Prior to an Assignment.*—A fraudulent conveyance of his property by an assignor will not impair the validity of a general assignment subsequently made, and any creditor may pursue the fraudulently conveyed property as though no assignment had been made.

3. SAME—*Powers of an Assignee as to.*—An assignee of an insolvent has no right as such or as trustee of the creditors to file a bill to set aside a fraudulent conveyance of his property by the assignor made prior to the making of the assignment.

**Creditor's Bill.**—Appeal from the Circuit Court of Massac County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

JAMES C. COURTNEY, attorney for appellants.

WILLIAM H. GREEN and C. L. V. MULKEY, attorneys for appellees.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellants were creditors of the banking firm of Brown & Bruner, which firm, on June 12, 1895, made an assignment under the statute, of all their property, partnership and individual, for the benefit of creditors. On the 8th day of July, 1895, these complainants, without first having obtained judgments at law, filed a creditor's bill to set aside certain alleged fraudulent conveyances, made, as alleged, in contemplation of bankruptcy, before said assignment, in which the alleged fraudulent acts are set up specifically; the assignment before mentioned; the utter insolvency of the members of said firm; that obtaining judgments

and the issuing of executions thereon would be of no avail, and that if they had to resort to a court of law to obtain judgments, in the meantime the fraudulent grantees would dispose of the property to innocent purchasers, and thereby complainants would be defeated in the collection of their claims, which claims are set out specifically. On general demurrer the bill was dismissed for want of equity.

The only question presented is as to the legal necessity of first having obtained judgments on the claims before filing the bill. Appellant's counsel earnestly, and with much force, contends that, to have obtained judgments and issued executions, would have been an idle ceremony, as the assignment itself is record evidence of the insolvency of said firm, and cites a number of cases in support of this view, among others, Tulley v. Curtain, 54 Fed. Rep. 43, and Kalmus v. Ballen, 52 N. J. Eq. 290. They are based on the principle that the assignee is the trustee of the creditors, and has the right, as such trustee, to file a bill in equity to set aside fraudulent conveyances, and if he fails, or neglects to do so, then a creditor, who has filed his claim with the assignee, and thus brought himself into such trust relationship, as held in the last case, may file a bill in equity to reach such property, without first having obtained a judgment at law.

This bill can not be sustained on that ground for the reason that our Supreme Court has held, the assignee is not the trustee of the creditors, but the agent of the assignor for the distribution of the property that comes to him by the assignment, and can not maintain a suit in equity to set aside fraudulent conveyances made by his assignor. Benton v. Dement et al., 123 Ill. 142; Hanford Oil Co. v. First Nat. Bank, 126 Ill. 584. That right is held to rest in the creditors alone.

The case of Daltman v. Weir Bros., 87 Tex. 614, on which appellants rely, simply construes the assignment act of that State, which gave the assignee the right to set aside fraudulent conveyances made by the assignor, in contemplation of insolvency and holds that provision of the law was not intended as a limitation of the rights of such creditors, there-

tofore possessed by all creditors, as held in several cases cited, to bring an action for the recovery of a debt, and in the same proceeding, owing to the blended system of law and equity in that State, have a fraudulent conveyance set aside. There is no such statute or system in this State. Therefore the question plainly is, whether creditors can file a creditor's bill without first having obtained judgments at law. Mere insolvency of the debtor does not authorize such a proceeding. Greenway v. Thomas, 14 Ill. 271; Patterson v. Lynde, 112 Ill. 204.

An exception is allowed where a judgment can not be obtained (Greenway case, *supra*, Steen v. Hoagland, 39 Ill. 264), and there is insolvency. There may be other exceptions, but, as stated in Dormueil v. Ward, 108 Ill. 216, in such exceptional cases it will be found there was some equitable element, such as a trust or the like. " In the absence of some element of this character there is a want of jurisdiction to adjudicate upon the claim at all, and it is upon this fundamental doctrine the rule controlling this class of cases rests. See also Bigelow v. Andress, 31 Ill. 322; Gove v. Kramer, 117 Ill. 176. In the Bigelow case it is said the claim must first be established at law and that " whatever may have been held in other courts we regard this as the practice of this court, too long and too firmly settled to be departed from, simply because it may have been differently held in some other tribunal."

It is said the question here presented is new in this State, for the reason the assignment is, itself, record evidence of the insolvency. If insolvency only was necessary to be established by a legal proceeding, before filing a creditor's bill in a case like this, then the point would seem to be unanswerable, as the insolvency is shown by the assignment. But that is only one of the prerequisites to such a bill. The other is the establishment of the amount of the debt, by a suit at law. Creditor's bills being purely matter of equitable cognizance, are tried by the court, and there is no right of trial by jury. Heacock v. Hosmer, 109 Ill. 245; Flaherty v. McCormick, 113 Ill. 538. Hence, to sustain this bill would

deprive the debtors of the right to have the claims or debts established by a jury. This right, by the common law and the Constitution of 1870, Sec. 5, Art. 2, is inviolate, as it has heretofore been enjoyed, and "it would not be competent for the legislature to defeat the right of trial by jury in common law cases by simply declaring they might be tried in courts of chancery." Ward v. Farwell, 97 Ill. 613. It necessarily follows that in the absence of such a statute courts could not, by assuming equitable jurisdiction in such cases, deprive a debtor of that right. There is no equitable element shown by the bill in this case that would bring it within any of the exceptions authorizing equitable cognizance. The fact alone that the fraudulent grantees would dispose of the property during the pendency of suits at law does not afford ground for equitable interference. The remedy by attachment furnishes the protection required in such cases (Greenway case, *supra*). However convenient it might be to try both issues—as to the amount of the debt and the fraud alleged—in one proceeding, as may be done in the State of Texas, while our judicial system remains as it is, that can not be done. The decree dismissing the bill is affirmed.