## William M. Ladd et al. v. T. P. Judson et al.

1. CREDITOR'S BILLS—*A Judgment at Law Held Essential Under the Facts of This Case.*—A father died, leaving certain property to a trustee in trust for his children. *Held,* on a bill by a creditor of one of the

children, that the case was not within the rule that a creditor may resort to a court of equity without first obtaining a judgment at law, when the creditor's claim has some equitable element in it, such as a trust or the like, and that the bill must be dismissed.

2. SAME—*Certain Facts Held Not to Remove the Necessity of Obtaining a Judgment at Law.*—The fact that the property of a debtor is not subject to attachment at law, being an equitable interest only, and that personal service can not be had on the debtor, do not give a creditor the right to resort to equity in the first instance to establish his debt and have satisfaction out of the equitable interest.

3. SAME—*Can Not be Based on a Foreign Judgment.*—A judgment of a court of another jurisdiction can not form the basis of a creditor's bill in this State.

Creditor's Bill.—Appeal from the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

HOWETT & JETT, attorneys for appellants.

"A creditor can proceed in equity in the first instance if his claim has some equitable element in it, such as a trust or the like; that is, a creditor may maintain a creditor's bill before obtaining judgment at law where his claim has some equitable element in it," as we claim the case at bar has.    Dormueil v. Ward, 108 Ill. 216.

"When a fund can not be reached at law and is only accessible in a court of chancery as in the case at bar, then creditors may resort to equity in the first instance."    Steere et al. v. Hoagland et al., 39 Ill. 264.

Where a claim has to be satisfied out of a fund which is accessible only by the aid of a court of chancery, application may be made in the first instance to that court, which will not require that the claim should be first established in a court of law.    Miller v. Davidson, 3 Gilm. 523; Russell v. Clark's, Executors, 7 Cranch, 87; Peay v. Morrison's Executors, 10 Grat. (Va.) 149; Pendleton v. Perkins et al., 49 Mo. 565.

If the property be not subject to attachment at law, being an equitable interest only, and personal service can not be obtained on the debtor so that the creditor is without rem-

Ladd v. Judson.

edy at law for the establishment of his debt, he may in the first instance go into equity, establish his debt and have satisfaction out of the equitable interest.    Getzler v. Saroni, 18 Ill. 511.

That the complainants are entitled to relief in this case, without first having obtained a judgment in the State court of Illinois and having execution issued thereon and returned no property found, there is no question, and to sustain this we cite the following cases :    Earle v. Grove, 92 Mich. 285; McCartney v. Bostwick, 32 N. Y. 61; Ricketson v. Merrill et al., 148 Mass. 76, 19 N. E. Rep. 11; Scott v. McMillen, 1 Littell (Ky.) 302.

JAMES M. TRUITT, attorney for appellees.

It is well settled that a creditor's bill will not lie in the courts of one State to enforce a judgment recovered in another State.    Steere v. Hoagland, 39 Ill. 264.

When a creditor seeks to satisfy his debt out of some equitable estate of the debtor, which is not liable to a levy and sale under an execution at law, he must exhaust his remedy at law by obtaining judgment and return of the execution "*nulla bona*" before he can come into a court of equity for the purpose of reaching such equitable estate. This is necessary to confer jurisdiction upon that court and has been uniformly held by our courts.    Ishmael v. Parker, 13 Ill. 324; Greenway v. Thomas, 14 Ill. 271; McConnel v. Dickson, 43 Ill. 99–109; Mugge v. Ewing, 54 Ill. 236; Dewey v. Eckert, 62 Ill. 218; Moshier v. Meek, 80 Ill. 79; Scripps v. King, 103 Ill. 469.

By the decided weight of authority sustained by the decisions of our own Supreme Court, courts of equity will entertain jurisdiction to give creditors relief in the following classes of cases only :

First.   Where a debtor has fraudulently conveyed his property to hinder and delay his creditors, a creditor may, as soon as he has recovered judgment, file his bill to remove such fraudulent conveyance out of the way of his execution issued under his judgment at law.    Wisconsin Granite Co. v. Gerrity, 144 Ill. 77.

Second. In cases where a creditor seeks by his bill to reach the equitable estate of his debtor, which can not be reached at law, he must first recover a judgment at law and have execution returned unsatisfied to give jurisdiction to a court of equity. In such cases the best and only evidence that the creditor has exhausted his legal remedies is the actual return of an execution unsatisfied. Russell v. The Chicago Trust & Savings Bank, 139 Ill. 538, and cases cited on page 551.

Third. In no case will a court of equity entertain jurisdiction of a bill to collect a purely legal demand until the creditor has exhausted his remedy at law by recovering a judgment at law and having execution thereon returned *nulla bona.* The exceptions to this rule are rather nominal than real. In all cases where bills of that character have been entertained, the claim of the complainant had some equitable element in it, such as a trust or the like. Dormueil v. Ward, 108 Ill. 216; Gore v. Kramer, 117 Ill. 176; The Detroit Copper & Brass Rolling Mills v. Ledwidge, 162 Ill. 305.

Fourth. In the administration of insolvent estates, after the allowance of a creditor's claim, which is equivalent to obtaining a judgment at law, the creditor may proceed by bill in equity to set aside a fraudulent conveyance made by his debtor in the latter's lifetime. Eads v. Mason, 16 Ill. App. 545, and cases cited.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellants filed in the Circuit Court of Montgomery County, Illinois, on September 15, 1896, their bill in chancery against appellees, alleging that there was due and owing appellants from appellees the sum of $981.11, and interest, being the balance due on a judgment recovered by them, on September 24, 1895, in the Circuit Court of Josephine County, Oregon, that court having jurisdiction of appellees, by service of process on them; and that it was a court of competent jurisdiction; that said judgment still

remains in full force and effect. Said bill also alleges that appellees T. P. and Jennie H. Judson are residents of Oregon, and have been for more than ten years; that appellants are unable to make the said amount of said judgment from said appellees last named, in the State of Oregon, because they have no property or effects, which could be levied upon, or which could be reached in any proceeding in law or in equity in that State. That one Solomon Harkey, the father of appellee Jennie H. Judson, died testate in Hillsboro, Montgomery county, Illinois, about April 20, 1892, owning, when he died, a large amount of real estate in said Montgomery county; that said Harkey left a last will and testament, in which he devised all his real and personal estate to appellee Alexander A. Cress, one of the defendants to said bill, in which will the testator authorized and empowered said Cress to sell the real estate testator owned, and convert it into money, and divide the money so received equally among his (testator's) children, naming them, among which children he names appellee Jennie H. Judson as one, as will more fully appear from said will, which is attached to said bill; that there is now remaining in the hands of appellee Cress, as trustee under said will, and undisposed of, 320 acres of the real estate devised by said will, and to be sold by said trustee, and the proceeds divided among testator's said children; that the appellees T. P. and Jennie H. Judson are insolvent and non-residents of Illinois; that there is no way in law by which the property rights and interests held by said Alexander A. Cress, in trust for said Jennie H. Judson, under the said will, can be reached; and that there is no other property of any kind in the State of Illinois, owned by appellees, which can be reached by attachment or otherwise, to satisfy said balance of said judgment. The bill also alleges generally, upon information and belief, that appellee Cress, as trustee under said will, has control of notes, accounts, choses in action, etc., which he holds in trust for appellees T. P. and Jennie H. Judson, under the the terms and conditions of said will, and prays discovery.

The bill alleges, further, that said T. P. and Jennie H.

Judson have refused to pay the said amount due the complainants, or to apply thereon the equitable interest which is held in trust for them by said Cress, all of which is contrary to equity and good conscience; and that by reason of said Judsons being non-residents of the State of Illinois, and keeping themselves out of the jurisdiction of the courts of Illinois, appellants have been unable to obtain judgment in Illinois against them. The bill prays that appellee Cress may be required to inform the court as to the amount and value of all the property interest and effects held by him in trust for the use of T. P. and Jennie H. Judson, whereby appellants' said debt could be satisfied, and that the said Judsons may be decreed to pay appellants said amount due them, as aforesaid; and that appellee Cress, the trustee under said will, may be required, if on hearing he is found to hold real estate for the use of the said Judsons, to sell or dispose of it, or so much of it as may be found necessary to satisfy appellants' said debt; and that appellees may be declared to have a lien upon all property held or owned by said Cress in which the said Judsons are interested; and for such other and further relief as to the court may seem proper.

Copy of will of Solomon Harkey is attached to the bill. This gives to his wife certain interest during her natural life. Item 4 is as follows: " I will and devise to my executor or executors, hereinafter named or described, all my real estate, including all that devised to my wife for life, but subject to that devise for life to her, in trust for the following purposes or objects: First. That he may sell said real estate and convert the same into money, and as I don't wish my said real estate sacrificed, I hereby authorize and empower my executor or executors to sell the whole or any part or any parcel thereof and convey the same when sold, on such terms and at such times as he may deem for the best interest of my estate. He is expressly authorized to use his discretion in selling any and all real estate and make the sales thereof privately or publicly as shall seem to him best for my estate. Secondly. The rents and profits of said estate, except so much thereof as shall be necessary to make such repairs, as are

Ladd v. Judson.

needful to keep the improved parts of said real estate from deteriorating in value and pay the taxes on my entire real estate, including that in which my wife has a life estate, together with proceeds of said real estate, shall be divided into seven equal parts; that is, after the costs and expenses of my said real estate have been paid, and one-seventh part thereof shall be paid as follows:  To my sons, William P. Harkey, Jacob M. Harkey and Solomon S. Harkey; and one-seventh part to my daughters, Sarah C. Wilton and Jennie H. Judson; one-seventh part to my grandaughter, Martha J. Blackburn; one-seventh part thereof to the children of my deceased son or the survivors of them, viz., Ida Harkey and Ella Lee Harkey, one-seventh part thereof."

Said will names the said Alexander A. Cress as the sole executor thereof.

Appellee Alexander A. Cress interposed a demurrer to said bill, and for cause of demurrer says appellants have stated no such case as entitles them in a court of equity to any relief or discovery from him; and for special cause of demurrer, he says:  It does not appear from said bill that appellants have recovered a judgment at law on their said claim against said T. P. and Jennie H. Judson or either of them, in the State of Illinois, as by law appellants were required to do before filing said bill.  And prays to be dismissed with costs.  The Circuit Court sustained said demurrer, and appellants elected to stand by their bill; thereupon the court dismissed the bill, and taxed the costs to appellants. Appellants, bring this case to this court by appeal; assigning the dismissal of said bill on said demurrer as error.

Appellants insist, first:  That a creditor may maintain a creditor's bill before obtaining a judgment at law, when his claim has some equitable element in it, such as a trust or the like.  Second.  That when a creditor's claim must be satisfied, if at all, out of a fund which is accessible only by the aid of a court of chancery, application may be made in the first instance to a court of chancery, which will not require that the claim should be first established in a court of law.

Appellants concede that in this State the general rule is that a creditor's bill can not be sustained if the creditor has not first obtained a judgment in this State and had execution issued and returned no property found.

We fully agree with appellants in their first contention, that a creditor may, in this State, resort to a court of equity without first obtaining a judgment at law, when the creditor's claim has some equitable element in it—such as a trust, or the like; for to that effect is the doctrine of the cases of Dormueil v. Ward, 108 Ill. 216; Gore v. Kramer, 117 Ill. 176; Detroit Copper & Brass Rolling Mills v. Mathew Ledwidge et al., 162 Ill. 305, and the cases in this last case referred to and commented upon. But does the case at bar fall within that doctrine? We think not. The claim of appellants against appellees, the Judsons, is a mere contract debt evidenced by a judgment of an Oregon court; and in it (the debt or claim) there is as against none of the appellees an equitable feature, such as is meant in the decisions of our Supreme Court by that term as being like a trust; because while under the averments of said bill there may be property or effects in the hands of appellee Alexander A. Cress, which are held by him in trust for Jennie H. Judson, one of the appellees, yet it was placed there by her father's will, and not by any fraudulent act of his daughter Jennie, to the prejudice of appellants.

On the second contention of appellants, as above stated, there seems to be some expressions used in some of the opinions delivered in cases decided by our Supreme Court that would tend to establish that the exception to the rule, as contended by appellants, exists in this State, notably in the case of Getzler v. Saroni, 18 Ill. 518, where the court says: "If the property be not subject to attachment at law, being an equitable interest only, and personal service can not be obtained on his debtor, so that he is without remedy at law for the establishment of his debt, he may, in the first instance go into equity, establish his debt and have satisfaction out of the equitable interest." But this was not necessary to be said in deciding the case then before the

court, and we think it was only *dicta*, at least in the " Ledwidge case," *supra*, in 162 Ill. at page 310 of the opinion. Quoting from page 335 of the opinion of that court in Bigelow v. Andress, 31 Ill. 322, the court says: " The complainant must first establish his claim at law before a court of equity will lend its aid. And it is for the reason that a court of chancery does not assume jurisdiction to settle and establish purely legal rights. If jurisdiction were entertained in this case to ascertain the legal validity of complainant's demand, it being wholly of a legal character, so as to afford relief against obstructions that would afterwards present themselves to an execution, no reason is perceived why such jurisdiction might not be assumed in all cases where legal demands might be obstructed. This would be an innovation on the settled practice of this court, as well as the chancery practice generally. Whatever may have been held in other courts, we regard this as the practice of this court, too long and too firmly settled to be departed from, simply because it may have been differently held in some other tribunals."

The fact is, after carefully reading the opinion of our Supreme Court in the " Ledwidge case," *supra*, we can not follow, as appellants insist we should, the rule laid down in the case of Earle v. Grove, in 92 Mich. 285, because it is in conflict with our Supreme Court, and we are bound by the rule established by our Supreme Court.

Lastly, appellants contend, that if a judgment at law was necessary for them to obtain before filing their said bill, that they obtained such judgment in the State of Oregon, which was sufficient. In answer to that, we will say: A judgment of another jurisdiction can not be made the basis of a creditor's bill in this State. Steere v. Hoagland, 39 Ill. 264; Winslow v. Leland et al., 128 Ill. 304.

Finding no error in this record, we affirm the decree of the Circuit Court of Montgomery County in this case.

Decree affirmed.